UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-60828-GOLD/MCALILEY

MARRAKUSH SOCIETY,

    Plaintiff,

v.

CITY OF HOLLYWOOD, HOLLYWOOD POLICE
DEPARTMENT, RICHARD LOSENBECK,
MARC TORTORICI, and MANNY MARINO,

    Defendants.
_____/

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS [DE 2];
DISMISSING CASE WITHOUT PREJUDICE

This cause is before the Court upon Plaintiff's Statement of Facts Cause For Action Commencement Affidavit [DE 1], which I construe as a complaint ("Complaint 1"), and an Application to Proceed in Forma Pauperis [DE 2]. Plaintiff also filed a Statement of Facts Cause For Action Commencement Affidavit [Case No. 09-60830, DE 1] ("Complaint 2", together with Complaint 1, "Complaints") and Application to Proceed in Forma Pauperis [Case No. 09-60830, DE 2] in Case No. 09-60830, which has been consolidated with this case.

Plaintiff Marrakush Society[1] alleges that, on May 9, 2009, Defendants City of Hollywood, Inc., known as Hollywood Police Department took possession, by changing locks, and removed the personal effects of the Aboriginal and Indigenous Land / Royal Property at Earth coordinates of 26° 00'56.05" N, 80° 07'55.78 W". Plaintiff further alleges

---

[1] Plaintiff refers to itself as Inter-Continental Aboriginal Union Marrakush Society in Case No. 09-60830. I refer to Plaintiffs in Case No. 09-60828 and Case No. 09-60830 as "Marrakush Society."

that, in a televised report produced by CBS Broadcasting and TV Channel 4, Defendant Manny Marino said the Marrakush Science Temple was "claiming some type of right evidently some outdated common-law that perhaps applied or was applicable 200 years ago or a hundred years go," and also that Defendants CBS Broadcasting, TV Channel 4, and Ted Scouten televised a report stating that the Marrakush Society were "squatters" and posted the report on the "cbs4" website. Plaintiff offers nothing more in its Complaints.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Complaints themselves contain no claim as to how Plaintiff is entitled to relief, and cannot be construed as a plain statement of a claim. Although Plaintiff has made factual allegations of the incident giving rise to its claims, Plaintiff has not adequately alleged under what law it is entitled to relief. The vague references to 42 U.S.C. § 1983 and 42 U.S.C. § 14141 in the "Civil Action Warrants"[2] do not adequately state how Defendants violated Plaintiff's rights. Therefore, Plaintiff has failed to clearly set forth its claims against Defendants and has failed to comport with the Federal Rules of Civil Procedure.

Further, Plaintiff's Complaints fail to set forth an adequate basis for subject matter jurisdiction. A district court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings and is obligated to do so *sua sponte* whenever subject matter jurisdiction may be lacking. *Univ. of S. Ala. v. Am. Tobacco Co.*,

---

[2] Plaintiff attaches several Civil Action Warrants to its Complaints. The Warrants appear to have been issued by the Marrakush Society or the Aboriginal Law Firm.

168 F.3d 405, 410 (11th Cir.1999). A district court must have at least one of three types of subject matter jurisdiction to entertain an action: (1) jurisdiction pursuant to a statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir.1997). If a district court determines that it lacks subject matter jurisdiction, it "is powerless to continue" and must dismiss the complaint. *Id.*

Plaintiff here has not pled jurisdiction pursuant to a statutory grant, nor has Plaintiff pled the amount-in-controversy or citizenship of the parties to establish diversity jurisdiction. Plaintiff's claim that Defendants wrongfully changed the locks, took possession, and removed contents without consent, sounds in state, not federal, law. Further, Plaintiff's mere mention of 42 U.S.C. § 1983 and 42 U.S.C. § 14141 does not establish subject matter jurisdiction absent the pleading of facts to support claims under such federal statutes.

Finally, it appears that Plaintiff is attempting to proceed without counsel in this matter. As an artificial entity, rather than a natural person, Plaintiff must be represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Similarly, as an artificial entity, Plaintiff is ineligible to proceed *in forma pauperis* under 28 U.S.C. § 1915. *Rowland*, 506 U.S. at 106 ("[O]nly a natural person may qualify for treatment *in forma pauperis* under § 1915."). Accordingly, it is hereby:

ORDERED AND ADJUDGED:

1. Plaintiff's Application to Proceed in Forma Pauperis [DE 2] is DENIED.

       Plaintiff must pay a $350.00 filing fee to proceed with its case.

2. Plaintiff's Complaints are DISMISSED WITHOUT PREJUDICE for failure to comport with Fed. R. Civ. P. 8(a) and for lack of subject matter jurisdiction, as pled.

3. Plaintiff shall obtain counsel and have a Notice of Appearance filed by July 27, 2009. Failure to obtain counsel by this date may result in the dismissal of Plaintiff's case with prejudice.

4. Plaintiff may file an amended complaint, through counsel, by July 27, 2009.[3]

5. The Clerk of the Court is instructed to CLOSE this case.[4]

DONE AND ORDERED in Chambers at Miami, Florida this 6 day of ~~June~~ July, 2009.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
All counsel and parties of record

---

[3] In redrafting an amended complaint, Plaintiff shall set forth each legal claim against the Defendants in a separate count. Each count shall state both the factual and legal basis for the claim it sets forth. Other numbered paragraphs may be incorporated by reference, but this must be done with particular care so that only relevant paragraphs are referenced. It is impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs. Further, the amended complaint shall set forth the basis for this court's jurisdiction. Failure to comply with this order may result in a dismissal of this cause of action with prejudice.

[4] The case may be reopened upon Plaintiff's compliance with this Order.